FILED
AUG 1 5 2005
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR.04-50055 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER ON DEFENDANT'S |
| | ) | MOTIONS IN LIMINE |
| JOSEPH CHARLES RICHARD, | ) | |
| a/k/a Joe "Bat" Richard, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court are two motions in limine presented by the defendant. The government has responded and the Court is prepared to dispose of the motions.

1.   Motion in Limine Regarding Prior Conviction

On December 5, 1991, the defendant was convicted of distributing a controlled substance and possessing a firearm during a drug offense. Pursuant to Fed. R. Evid. 609, prior convictions are admissible for the purpose of attacking the credibility of a witness if certain conditions are satisfied and the probative value of the evidence outweighs the prejudicial effect. In this case, the requisite time conditions are satisfied and the Court will likely allow such evidence in the event that the defendant testifies. The defendant requests that the government refrain from referring to the prior conviction during opening statement. Since the defendant may choose not to testify, any reference to a prior conviction before cross-examination would be improper. The government shall refrain from discussing any prior conviction in its opening statement.

The defendant also seeks an order prohibiting the government from eliciting the details surrounding the prior convictions. The defendant argues the probative value of such evidence is outweighed by the prejudicial impact. The Court finds the danger of unfair prejudice is significant in comparison to the probative value of the details of the prior

convictions. See Fed. R. Evid. 403. The government argues that the details may become independently admissible at trial and asks the Court to reserve ruling on this issue. The Court will not reserve ruling, but will reconsider the issue at trial if the circumstances so warrant.

2. Motion in Limine Regarding Alleged Coconspirators

The defendant asks the Court to order the government to avoid reference during opening statement to guilty pleas or convictions of alleged coconspirators who may not testify. The government has indicated that it does not anticipate making specific reference in opening statement to the guilty pleas and convictions of alleged coconspirators. Therefore, no specific Court order is necessary. The government does plan to refer to the participation and complicity of all the alleged coconspirators in this matter. The Court finds no reason why any such general references require exclusion from the opening statement.

The defendant requests an order prohibiting reference to statements of coconspirators during opening statement. The defendant appears to argue that the Court must make a determination to permit such declarations before they are allowed into evidence. During the evidentiary phase of the trial, the Court will follow the procedure outlined in United States v. Bell, 573 F.2d 1040 (8th Cir. 1978). Bell allows the Court, after an appropriate objection by a defendant, to conditionally admit out-of-court declarations of alleged coconspirators with a cautionary instruction. Id. at 1044. At the end of the evidence, the Court must make an explicit determination concerning the admissibility of the statement. Id. Any reference to statements of coconspirators during opening statement before the Court has ruled on the admissibility of the evidence would be improper. See United States v. Hernandez, 779 F.2d 456, 458-459 (8th Cir. 1985) (stating that reference to a confession in opening statement was improper when questions concerning admissibility were present). To avoid a potential

2

mistrial, the government shall refrain from any reference during opening statement to coconspirator statements it seeks to introduce pursuant to Fed. R. Evid. 801(d)(2)(E).

The defendant seeks an order prohibiting reference by one coconspirator to statements of other coconspirators who will not testify. In support of his argument, the defendant cites Crawford v. Washington, 541 U.S. 36, 124 S.C.t. 1354, 158 L.Ed.2d 177 (2004). The defendant believes Crawford places in doubt the hearsay exception for coconspirator statements. He also argues that the admission of a coconspirator's declaration under a hearsay exception does not satisfy the Confrontation Clause. After Crawford, the Eighth Circuit decided United States v. Reyes, 362 F.3d 536 (8th Cir. 2004). Reyes indicates that "[w]hen a statement satisfies the requirements for a co-conspirator statement under Federal Rule of Evidence 801, both the Rules of Evidence and the Confrontation Clause allow the government to introduce the statement through a witness who heard the statement, even if the government cannot show that the co-conspirator is unavailable." Id. at 541. Reyes further determined that Crawford was not applicable because coconspirator statements are not testimonial. Id. at 540 n. 4. Thus, the defendant's motion is without merit.

Finally, the defendant asks the Court to prohibit reference by one coconspirator to declarations of other coconspirators until a determination is made as to the admissibility of the declarations. The defendant cites Bell. As the Court previously indicated, it will follow the procedure outlined in Bell. This procedure, however, does not require the Court to make a final ruling on the admissibility of out-of-court declarations of a coconspirator until the conclusion of the evidence. Bell, 573 F.2d at 1044. Therefore, the motion shall be denied. Accordingly, it is hereby

ORDERED that defendant's motion in limine [doc. #68] is granted.

3

IT IS FURTHER ORDERED that defendant's motion in limine [doc. #61] is granted in part and denied in part, consistent with this opinion.

Dated this 15th day of August, 2005.

BY THE COURT:

ANDREW W. BOGUE
SENIOR DISTRICT JUDGE

4